IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-60170
Summary Calendar

REGINALD DIXON

                              Plaintiff-Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT
OF CORRECTIONS; MARGARET BINGHAM, Superintendent of Central
Mississippi Correctional Facility; LINDA SIMMONS, Mississippi State
Penitentiary Postal Supervisor

                              Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CV-184

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Reginald Dixon, Mississippi prisoner # 95262, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be granted.  The district court denied Dixon leave to proceed IFP on appeal,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certifying that the appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP motion, Dixon contends that prison officials' failure to log his mailing of a petition for a writ of certiorari to the United States Supreme Court, which was denied as untimely filed, deprived him of the opportunity to prove that he had timely filed his petition under the prison mail box rule and, consequently, denied him access to the courts.

Dixon did not avail himself of the prison's legal mail system and, therefore, deprived himself of its benefits, including the prison mail log. See FED. R. APP. P. 25(a)(2)(C). Dixon has not demonstrated that the defendants denied him access to the courts. His appeal has no arguable basis in law or fact and, therefore, is frivolous. Moreover, as Dixon failed to address the district court's stated grounds for certifying that his appeal was not taken in good faith, he has waived the issue. See Baugh, 117 F.3d at 202; Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Dixon's motion for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. 42.2.

The dismissal of this appeal as well as the district court's dismissal of his complaint for failure to state a claim each count as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Dixon is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.